UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WELDON BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12CV159 SNLJ |
| | ) |
| CITY OF POPLAR BLUFF, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Weldon Bryant for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 and federal criminal statutes. Named as defendants are the City of Poplar Bluff, Neveda Young (Clerk), Fred Crook (Clerk), the City of Poplar Bluff Police Department, Mike Elliot (Captain), and Unknown Hefner (Sergeant). Plaintiff sues defendants in their official capacities.

Plaintiff alleges that he called defendant Young, who was employed by the City Records Department in Poplar Bluff, to inquire about Collins Counseling, which had recently moved from Doniphan to Poplar Bluff. Apparently, part of plaintiff's federal parole requirements were that he receive counseling from Collins Counseling. Young gave plaintiff Collins's phone number, and she also told him that Collins Counseling did not yet have an occupancy permit and that no counseling sessions could take place until it did.

Plaintiff called Collins Counseling and spoke to Mr. Collins. Plaintiff told Mr. Collins that the business phone number was not available on 411 and that Young said he did not have an occupancy permit yet. Plaintiff says that Mr. Collins became angry that Young told plaintiff about the occupancy permit. Mr. Collins then called Young and asked her why he had provided the permit information to plaintiff, and Collins also called Debbie Broom at the Federal Probation Office about the issue. Plaintiff alleges that "Collins distorted plaintiff's call by Collin's false representations

-3-

and aggressive verbiage to Clerk Young followed by deliberate distortions to two Supervision Officers."

Apparently, Young told Mr. Collins that plaintiff had represented himself to be a City of Neelyville employee, and that is why she told plaintiff about the permit situation. Plaintiff says that Denise Broom called him and reprimanded him about misrepresenting himself to Young, which plaintiff denied. Plaintiff claims he told Broom he was going to "call the police department and have Collins [*sic*] occupancy license checked out as Mrs. Young had indicated. Ms. Broom stated that Plaintiff should not do that . . ."

Plaintiff then called Young and accused her of lying to Ms. Broom about the nature of their conversation. Young terminated the conversation after plaintiff asked to speak to her supervisor.

Plaintiff asserts that he "proceeded to the [Poplar Bluff] Police department [*sic*] to file criminal charges on Neveda Young for her offensively coarse utterance . . ." When plaintiff told the officer that he was complaining about Young, the officer directed him to file a complaint with the City Planning Office at City Hall.

Plaintiff alleges he called defendant Hefner the following day "to confirm if Collins had an occupancy license as Clerk Young indicated they did not process. He said he would check it out gladly and was extremely cooperative to my concern."

-4-

Later that afternoon, Hefner appeared at plaintiff's workplace. Hefner told plaintiff that Collins's occupancy license was good. And plaintiff claims that Hefner arrested him for disturbing the peace. Plaintiff believes that Hefner was engaged in a conspiracy to harass him because he is on federal supervision.

On the following day plaintiff returned to the police department to file criminal charges against Young and her supervisor. Plaintiff alleges that the officer on duty refused to file the charges. Plaintiff says he then sent complaints to a police captain and the city manager. Plaintiff claims that these complaints were not resolved in his favor, which he believes is further evidence of a conspiracy against him.

The following week defendant Elliot charged plaintiff with witness tampering, because someone had sent Young flowers. Plaintiff claims he did not send the flowers. Plaintiff says he called the florist, who told him that Young's husband had sent the flowers. Plaintiff alleges that Elliot mocked and intimidated him. Plaintiff further alleges that he was "punished harshly for good citizenship."

Plaintiff was later informed that Young dropped the criminal charges against him.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which

[plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, to the extent that plaintiff is requesting this Court to initiate federal charges against defendants, the request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this  26th  day of September, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE